OFFICE OF THE ATTORNEY GENERAL OF TEXAS
AUSTIN



GERALD C. MANN
ATTORNEY GENERAL

Hon. Tom C. King
State Auditor and Efficiency Expert
Austin, Texas

Dear Sir:

Opinion No. O-1544
Re: Chapter 444 General Appro-
priation Act 45th Leg. --
Educational institutions --
Deficiency warrants against
anticipated revenues.

We acknowledge receipt of your letter of November 9,
1939, asking for our construction of Sec. 2(a) Ch. 444 General
Appropriation Act, 45th Legislature (General Laws, regular
session, p. 939) and stating the specific questions herein-
after set out.

Sec. 2(a) is as follows:

"That all balances in the institution-
al funds of the several State institutions
named in this Act, at the close of the fis-
cal year ending August 31, 1937, including
balances in their revolving funds at that
time, and the entire income to said funds
during each of the two fiscal years ending
August 31, 1938, and August 31, 1939, which
are not otherwise appropriated for either
or both of said fiscal years are hereby
appropriated for the support, maintenance,
operation, and improvement of said State
institutions during each of the said fiscal
years, respectively."

Your questions are as follows:

"(1) Are such institutions empowered to issue 'deficiency warrants' against anticipated revenues to such funds?

"(2) Are they empowered to bind such anticipated revenues on notes payable for the purchase price of equipment and/or property insurance, where the maturity dates of the notes extend over a period of three years?"

The Legislature was well within its prerogative in making the further appropriation of balances in addition to the specific appropriations stated in the act. The additional appropriation is sufficiently specific within itself to meet the requirements of the Constitution. (See our opinion No. 0-1661 addressed to you). It will be seen from a reading of Sec. 2(a) that all balances in the respective institutions, including balances in their revolving funds at the time, and the entire income to said funds during each of the years named, have been appropriated. These "balances" and the "income" obviously pertain to anticipated receipts, for it could not be definitely known in advance whether there would be such balances or income.

That an appropriation may rightly set a part anticipated receipts is no longer an open question in this State.

Ferguson v. Johnson, 57 S. W. (2) 372 involved the right of the Legislature to appropriate, or perhaps more accurately stated the right of the Highway Commission to contract, upon the basis of anticipated receipts in the matter of constructing highways to the extent of about $3,000,-000.00. The plaintiff's contention was that such anticipated funds were not "funds available" within the statute of contractual power of the Commission. (Vernon's Annotated Civil Statutes Arts. 6674d (6674q-4), 6674e (6674q-5), and 66741). Chief Justice McClendon, writing for the court said:

"'Funds available' as marking the bounds of the Commission's contractual liability creating authority for 'highway improvements' can, we think, mean but one thing, namely, funds made avail-

Hon. Tom C. King, page 3

able for that purpose by the Legislature through appropriation. * * * If this item (expectancy) cannot be contracted against until paid into the treasury, it would be necessary to accumulate an additional sum equal to the entire available Federal aid fund before that fund could be contracted against. * * * The department must complete construction contracted against this fund prior to the end of the Federal fiscal year (June 30, 1933) otherwise the appropriation lapses. * * * These appropriations (of revenues derived from Federal taxation) are no more gratuities than any other authorized Federal appropriation, and when allocated to a particular state are as 'available' as any other 'fund' for appropriate contractual purposes."

The court held the anticipated receipts to be the proper subject of appropriation and that they were upon such appropriation "funds available" for use of the Highway department.

Now the word "fund" or "funds" has no fixed meaning applicable alike to every situation, but its real meaning is to be determined according to the familiar rule of statutory construction in the light of the context and the associated words with which it is employed. In the connection here used, as indicated in the Ferguson-Johnson case, it is not limited to actual cash in hand but is used in the more comprehensive sense as covering not only moneys but securities and properties of a nature to be or to become usable in connection with the appropriation. The "institutional funds" and the balances and income thereof contemplate not only money but the anticipated receipts for the periods stated.

As to the issuance of "deficiency warrants", these instruments do not create debts, they merely serve the convenient purpose of evidencing the liability of the fund for payment if and when the institution has funds available for cash payment. They are not specially authorized by law and mean nothing substantial. "Deficiency warrant" in this connection, is merely departmental language for "hot check".

Hon. Tom C. King, page 4

There is no reason why the existing liability, contingent
though it may be, may not be thus evidenced.

1. So that, you are advised this department is of
the opinion your first question should be answered in the
affirmative.

The Constitution provides that no appropriation of
money shall be made for a longer term than two years. (Art.
VIII, sec. 6). This cannot be violated or ignored, The
institution therefore has no right to contract upon the basis
of such anticipated revenues beyond the period of the appro-
priation - two years. It may validly contract upon the
reasonably anticipated revenues for each year respectively of
the biennium, but no further. This conclusion is supported
by the reasoning in Fort Worth Calvary Club Inc. v. Sheppard,
Comptroller, 83 S.W. (2) 960, and by the principles of public
policy in general.

2. From the above it follows that question number
2 should be answered, "no".

Very truly yours

ATTORNEY GENERAL OF TEXAS

By     *Ocie Speer*

Ocie Speer
Assistant

OS-MR

APPROVED DEC 16, 1939

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN